No. 10874

FOSTER v. ROACH *ET AL.*

(111 S. E. 897)

BROKERS—ANSWER TO COMPLAINT OF PURCHASER AGAINST VENDOR'S BROKER FOR RETURN OF DEPOSIT INSUFFICIENT FOR FAILURE TO SHOW VENDOR'S ABILITY TO PERFORM.—Though the allegation of com-

plaint of · purchaser to recover vendor's broker money deposited under contract of purchase that purchaser and vendor rescinded the contract be eliminated by general denial of the answer, yet the answer, setting up the contract, providing that purchaser was to get possession in 30 days or money back, and that vendor would give possession if a certain person would vacate, was insufficient in not showing that vendor was in a position to demand that the purchaser fulfill the contract.

Before MOORE, J., York, June, 1921.   Reversed.

Action by J. Harry Foster against R. F. Roach and E. S. Kirk.   From order overruling demurrer to the answer, plaintiff appeals.

The answer and the circuit decree are as follows:

### ANSWER.

The defendants, R. F. Roach and E. S. Kirk, individually and as partners trading under the firm name of Roach & Kirk, answering the complaint of the plaintiff, allege:

(1) That the defendants deny each and every paragraph of the complaint, except those specifically admitted hereafter.

(2) That they admit paragraphs 1 and 4 thereof.

(3) Further answering the complaint, the defendants allege that on the 21st day of January, 1920, the defendant R. F. Roach entered into a written agreement with E. H. Johnson, whereby the said R. F. Roach was empowered and directed to make sale of a certain house and lot, the subject of this action, at and for a stipulated price, and upon the conditions expressed in the said contract, a copy of which is hereto attached and made a part of this answer.

(4) That on the 22nd day of March, 1920, R. F. Roach, J. Harry Foster, the plaintiff, and E. H. Johnson entered into a written agreement by which the said plaintiff agreed to buy certain real estate (the subject of this action), and as a part consideration for the payment of same deposited with the defendant R. F. Roach the sum of $350, and

it was expressly stipulated in the said contract: "The amount paid to bind the obligation is to be forfeited, provided the buyer fails to comply. Said amount of forfeit is to be equally divided between the owner of the property and the broker." A copy of the said agreement is hereto attached and made a part of this answer.

(5) That these defendants allege that, if any agreement was entered into by and between the plaintiff, J. Harry Foster, and E. H. Johnson, the owner of the property, that these defendants were not parties to the negotiations, did not agree to the same, and therefore, so far as their interest is concerned in the one-half of the deposited money, that they deny the right of the said parties to so agree as to affect the interest of these defendants.

(6) That the plaintiff failed and refused to comply with the terms of the said contract, and by reason thereof forfeited the said $350, the deposited part consideration for the purchase of the real estate.

(7) That the defendants have surrendered to the said E. H. Johnson his one-half of the said $350, to wit, $175, and now hold the other half of the deposited money as their property by virtue of the agreement entered into by Ross F. Roach, J. Harry Foster, and E. H. Johnson.

Wherefore defendants pray that the complaint be dismissed with costs.

## DECREE

This cause came on to be heard at chambers upon a motion made by the plaintiff, on notice to defendants, for an order striking out the answer of the defendants upon the grounds alleged by plaintiff that the facts stated in the answer do not constitute a defense, that the allegations of the answer are frivolous, and that, upon the allegations of the complaint and answer, the plaintiff is entitled to judgment as prayed for in the complaint.

Upon consideration of this motion, the conclusion has been reached that the same cannot be granted.

The averment of the complaint is that the plaintiff entered into a contract for the purchase of a certain house and lot from one E. H. Johnson, such contract being made by plaintiff with the defendants as brokers; that plaintiff deposited as part payment of the purchase price the sum of $350 in the hands of the defendants; that thereafter the plaintiff and E. H. Johnson agreed to rescind the contract of sale, Johnson agreeing to accept one-half of the $350 (so deposited) as rent for the premises during the period in which the same had been occupied by plaintiff under the contract for the purchase thereof; and that therefore the plaintiff is entitled to recover from the defendants the remaining half of the sum aforesaid, which was paid over by him to the defendants and alleged is still to be in the hands of the defendants.

The defendants enter a general denial, admitting only the receipt by them of the $350 paid by the plaintiff under the contract, and that $175 thereof was and is retained by defendants. By way of defense the defendants by answer set up the written contract, signed by the plaintiff, by the defendant Roach and by the owner, Johnson, for the sale by Johnson, through such brokers, to the plaintiff at a stipulated price, of the house and lot in question, in and by which contract it is stipulated that the amount paid by the plaintiff buyer to bind the contract, to wit, the sum of $350, is to be forfeited in the event of failure by the plaintiff to comply with the terms of the contract by paying the purchase-money balance still due by a fixed date, the written contract declaring that in the event of failure to make such payment the sum of $175 of the money already paid is to be retained by the defendants as the brokers negotiating the sale. Thereupon the contention of the defendants is that no subsequent agreement between the plaintiff and the

seller, Johnson, by way of rescission of the contract as alleged, where the defendants did not assent to such rescission, could in any way affect or defeat the rights of the defendants under the contract to retain the sum of $175 here in question, the sum being reasonable compensation as stipulated in the contract for the services of the defendants as brokers in negotiating the sale.

The motion now made must be refused for several reasons. In the first place, the defendants deny the allegations of the plaintiff that there was a subsequent rescission of the contract as between Johnson and the plaintiff, thus raising a clear issue of fact.

Even, however, if it were an admitted fact that there was a rescission of the contract as between Johnson and the plaintiff, such action could not affect or prejudice the rights of the defendants, who did not participate in or assent thereto. The defendants, as well as the plaintiff and Johnson, had specific duties to perform under the contract and corresponding rights thereunder. The independent action of the plaintiff and Johnson could not affect or defeat the rights of the defendants under the contract. By the terms of the contract set out in the answer, upon failure by the plaintiff to pay the purchase money as therein stipulated, it was agreed by all parties that the sum of $350 already paid by the plaintiff should be divided equally between the defendants as brokers and the original owner of the land, Johnson.

The answer alleges a failure of compliance by the plaintiff at the date fixed, and, upon such failure the interest of the defendants in the money here in question became a vested interest, which could not be defeated by any agreement between the plaintiff and Johnson. See 31 Cyc. 621; 39 Cyc. 1665.

The plaintiff, however, bases his motion upon the theory that the $175 here in controversy must be regarded as a pen-

alty, and hence that it cannot be retained by the defendants, and that plaintiff consequently has the right to recover it back.

The question as to whether a particular sum agreed to be paid upon breach of a contract is to be regarded as a penalty or as liquidated damages does not depend upon the name given it in the contract, whether it be called a "penalty," a "forfeiture," or "liquidated damages" in the contract. The right of the parties to agree by contract for the payment of a fixed amount as damages which will result to a particular party from a breach of such contract is well established as existing in all cases where the actual damages which will result from a breach of the contract are uncertain and incapable of being ascertained definitely by any satisfactory and known rule, which uncertainty arises from the nature of the subject itself or from the circumstances of the particular case. See 13 Cyc. 90.

"In order to determine whether the sum named in a contract as a forfeiture for noncompliance is intended as a penalty or as liquidated damages, it is necessary to look at the whole contract, its subject-matter, the ease or difficulty in measuring the breach in damages and the magnitude of the stipulated sum, not only as compared with the value of the subject of the contract, but in proportion to the probable consequences of the breach." 13 Cyc. 91. See, also, 8 R. C. L. p. 576; 13 Cyc. 102.

The same rule is announced and followed in *Williams v. Vance,* 9 S. C. 374, 30 Am. Rep. 26, and in *Lipscomb v. Seegers,* 19 S. C. 425. In the latter case this language is used: "It may be said that, where the damages are uncertain and not susceptible of ready ascertainment, and the sum fixed upon as damages is not unreasonable or unconscionable, in view of the probable damages, and, from the whole contract and surrounding circumstances, such ap-

pears to have been the intention of the parties, such sum will be treated as liquidated damages."

Applying these principles to the case at bar, it appears that the defendants acted as brokers in bringing the seller and buyer together and in negotiating the sale of certain premises by Johnson to the plaintiff; that an agreement was reached between the parties, whereby the plaintiff, as buyer, the defendants, as brokers, and Johnson, as the seller, agreed that $350 should be paid by plaintiff in cash as part of the purchase price of the premises, the remainder of such purchase price to be paid by plaintiff at a fixed date in the then future, upon the making of which payment the conveyance should be made by Johnson to the plaintiff; that it was expressly stipulated in the written agreement, signed by Johnson, by the plaintiff and by the defendants, that $175 of the amount so paid by the plaintiff should belong to and be retained by the defendants, evidently as payment for the services of the defendants in negotiating the sale to and purchase by the plaintiff of this property; and that it should be so retained by defendants, even if the plaintiff should fail to pay Johnson the remainder of the purchase money as stipulated by the contract. It is quite clear that it would be very difficult to ascertain or determine the amount of actual damages which would be sustained by the brokers in such a case by the breach of such a contract to purchase, where the compensation of such brokers depended upon their being able to procure a purchaser for the property ready, able, and willing to buy the particular property at a price and on terms satisfactory to the seller. The agreement by plaintiff that, in the event of his failure to carry out his contract, the sum of $175 here in question should be retained by the defendants as compensation for their services, appears to be a reasonable contract, in view of the total price at which plaintiff contracted to buy this property and in view of the time and labor usually involved

and consumed in the work of brokers engaged in procuring purchasers for property.

It follows, therefore, that the contract here in question as alleged by the defendants must be held to be a valid contract for the payment of a certain sum as liquidated damages by the plaintiff to the defendants, and that these allegations of the answer set up a valid defense to this action.

Even, however, if the stipulation in question could be construed as a penalty, such penalty would nevertheless stand as security for any actual damages sustained by defendants by reason of plaintiff's breach of his contract of purchase.

Hence the motion to strike out the allegations of the answer must be refused, and it is accordingly so ordered.

*Messrs. Dunlap & Dunlap,* for appellant, cite: *Affirmative defense fails, the conditions precedent not having been plead:* Code Proc. 1921, Sec. 212; 11 Rich L. 554; 69 S. C. 300; 9 Cyc. 719.

*Mr. John A. Marion,* for respondents, cites: *Order not appealable:* Code Proc. 1912, Sec. 11, Subd. 2; 74 S. C. 14; 77 S. C. 443; 81 S. C. 304; 87 S. C. 249; 109 S. C. 111. *Rights of an assignee cannot be impaired by mutual consent of vendor and purchaser:* 39 Cyc. 1065; 31 Cyc. 1621. *Whether payment is a penalty or forfeit or liquidated damages must be gathered from intention of the parties as disclosed in the contract:* 34 L. R. A. (N. S.) 15; 8 R. C. L. 576; 13 Cyc. 91, 102; 19 S C. 434; 2 Bail. 295; 9 S. C. 344.

April 18, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff brought his action against the defendants, Roach & Kirk, as copartners, to recover $175, which he alleged was due him upon an uncompleted contract of sale

of a lot of land in Rock Hill, in this State. The plaintiff alleged that he had made a contract to buy the house and lot from one E. H. Johnson; that the contract was made through the defendants Roach & Kirk; that he paid to the said Roach & Kirk, as agents and brokers of Johnson, the owner, the sum of $350 to bind the bargain; that the plaintiff and Johnson agreed to rescind the contract, but that the defendants refused to return the sum of $175; that the plaintiff is entitled to a return of this sum and demands judgment for the same.

The defendants in their answer set up that they were duly authorized under a written contract to make the sale; that plaintiff, E. H. Johnson, and the defendant Roach (for Roach & Kirk) entered into a written agreement in which it was mutually agreed that the sum of $350 was forfeited by the failure of the plaintiff to comply with his contract; that the sum of $175 was due to defendants, under the tripartite contract, for the sale of the land. The defendants put in also a general denial.

The following is the contract relied upon by appellant:

Sales Contract of Real Estate.

Ross F. Roach, Broker.

"$3,500.00                    Rock Hill, S. C., 3-22-1920."

"Articles of agreement between Ross F. Roach, for E. H. Johnson, of Rock Hill, S. C., and J. Harry Foster, of Rock Hill, S. C. Ross F. Roach agrees to sell and J. Harry Foster agrees to buy the following described property: One five-room cottage on the north side of East Black street, now occupied by Thackston—for the sum of thirty-five hundred dollars for sound and unincumbered titles for three hundred and fifty dollars of purchase price is acknowledged paid to bind the obligation until sound and unincumbered titles can be furnished by the owner by or before April 22, 1920, when the remainder is to be

paid as follows: Cash when papers are delivered. Purchaser is to get possession in thirty days, or money back.

"Should any defect appear in the titles that cannot be corrected, the amount paid is to be promptly refunded to the buyer by Ross F. Roach, broker. The buyer is to have the privilege of examining the titles before completing payment. Taxes are to be paid by the owner up to the date of transfer of papers. It is understood by all parties interested that Ross F. Roach is to be responsible only for the amount in his hands, but is to use his best efforts to see that the contract is fulfilled by both buyer and seller. The amount paid to bind the obligation is to be forfeited, provided the buyer fails to comply. Said amount of forfeit is to be equally divided between the owner of the property and the broker. The said E. H. Johnson will give possession if Thackston agrees to vacate the house.

Witness:                [Signed]

"A. R. White, for            Ross F. Roach, Broker.
"E. S. Kirk, for             J. Harry Foster, Buyer.
              for             E. H. Johnson, Owner."

The plaintiff demurred to the answer, on the ground that it did not state a legal defense. (Let the answer and circuit decree be reported). The demurrer was overruled on several grounds, and the plaintiff appealed. The demurrer was overruled because the plaintiff alleged that the contract had been rescinded, and the general denial put that fact in issue. It appears to this Court that the real question is before the Court, and it must at last be decided on the papers now before the Court, and it is not well to send the case back for further expensive litigation that cannot affect the final result. The rescission being eliminated by the general denial, we have a complaint that admits that the plaintiff and the seller had a contract of sale. The answer sets up a contract as the contract referred to. At this

stage we must assume that the contract set up in the answer is the true contract.

The defendants have in their possession $175, which they claim the right to hold under that contract and the allegations of the answer. Let it be assumed that the money paid is in the nature of liquidated damages. The defendants must show that the seller and his agents, the respondents, are in a position to demand of the buyer that he shall fulfill his contract. The contract says: "Purchaser is to get possession in thirty days or money back." It says further: "The said E. H. Johnson will give possession if Thackson agrees to vacate the house." The answer does not allege that the seller was in a position to tender possession within 30 days, or up to the time of the service of the answer. The contract further provides that Roach "is to use his best efforts to see that the contract is fulfilled by both buyer and seller." There is no allegation of any effort on the part of the respondents to secure a fulfillment of the contract by either party. Roach was the admitted agent of the seller. The answer so states and sets up his written contract. It is true this contract provides for a division of the fund between the principal and agent, but the buyer was not concerned in that division, whether the contract was fulfilled or not. The only clause in the contract that connected the buyer with the agent of the seller was that Roach was "to use his best efforts to see that the contract was fulfilled by both buyer and seller." The answer sets up no effort to accomplish anything for the buyer.

The respondents have their contract with their principal, the seller, and their remedy, if any, is against their principal.

The order appealed from is reversed. This does not preclude an amendment if the Circuit Court sees fit to allow it.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE COTHRAN, (dissenting) : I agree fully with the very clear and convincing decree of the Circuit Judge and think that it should be affirmed.

The controversy has arisen over the terms of a written contract for the sale by one E. H. Johnson through his agents, Roach & Kirk, of a house and lot to the plaintiff. The agreed price was $3,500, payable $350 cash, and the remainder at stated times. The contract provides that, if the buyer (plaintiff) failed to comply ·with the terms of the contract, the cash payment of $350, "the amout paid to bind the obligation," should be forfeited and equally divided between the owner of the property (Johnson) and the broker (Roach), acting apparently for his firm (Roach & Kirk).

This contract was signed by the three parties interested, Foster, Roach, and Johnson, the buyer,· the broker, and the seller, and each of them was of course bound by the terms thereof, appropriate to their several obligations.

The complaint alleges that subsequently to the making of the contract Foster, the buyer, and Johnson, the seller, by mutual agreement, rescinded the contract of sale, Johnson accepting $175, one-half of the initial cash payment of $350, on account of five months' rent of the premises. It does not allege, and we must assume that such was not the fact, that the broker was consulted as to this rescission or that his interest in the so-called forfeit was considered at all. The plaintiff appears to have been careful in concluding the interest of Johnson therein, but indifferent to that of the brokers, which was identical with that of Johnson, and expressly made so by the signature of the plaintiff to the tripartite agreement.

The defendants in their answer deny the allegation of the complaint that there had been a rescission of the con-

8 S. C.—119

tract as between the plaintiff and Johnson, and claim the benefit of the provision in the contract that, if the plaintiff failed to comply with his contract, they should be entitled to one-half of the initial payment agreed to be forfeited.

It does not make a particle of difference how it came about that the plaintiff failed and refused to comply with his contract, if, as a matter of fact, admitted by the answer, he did so fail and refuse. It might have occurred, and doubtless it did occur, as the plaintiff declares, by a rescission of the contract by agreement between him and Johnson; but the defendants were not parties to that agreement, and their rights could not be bartered away by the plaintiff and Johnson, both of whom by contract fixed what those rights were. Or it might have occurred, if the defendant's denial of a rescission be established, by the failure and refusal of the plaintiff to comply. In either event, the defendants are entitled to what the contract gives them.

It must be assumed that the brokers gave value received for their services; at least the plaintiff is in no position to dispute that fact after having agreed to the measure of their compensation and how it was to be paid by signing the contract in the event of his failure to comply.

The plaintiff settled with Johnson by applying his half of the $350 to the rent of the premises for five months. Johnson received therefor no more than the rent, nothing under the contract. The plaintiff would settle with the brokers for the same $175 with which Johnson was satisfied. If it required a new contract to settle with Johnson, why did it not require a new contract to settle with the brokers, who had an equal interest, by the plaintiff's express agreement, in the $350?

In any aspect of the case, the order overruling the demurrer was right, and should be sustained.